UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRISTINA FRANCISCO,

    Plaintiff,

v.                                                 Case No. 8:23-cv-1518-KKM-AEP

PINELLAS COUNTY, a political
Subdivision of the State of Florida,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    This cause comes before the Court upon Defendant's Motion for Costs (Doc. 53). Plaintiff initiated this action against Defendant on July 9, 2023, alleging five counts of employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA") (Doc. 1). On November 21, 2024, summary judgment in Defendant's favor was entered on all five counts (Doc. 50). By the instant motion, Defendant, as the prevailing party, seeks an award of costs (Doc. 53). *See* Fed. R. Civ. P. 54(d). Specifically, Defendant seeks costs in the amount of $6,387.15 for 1) the deposition transcripts of Cristina Francisco, Anamarie Rivera, Melanie Weed, and Kelli Levy and 2) mediation expenses.

    Although the motion indicates that Plaintiff opposes the relief requested (Doc. 53 at 4), Plaintiff failed to submit a response in opposition, and the time for doing so has lapsed. Accordingly, the Motion is considered unopposed. M.D. Fla.

R. 3.01(c). In light of this, and for the reasons stated below, it is recommended that the Motion be granted in part, and Defendant be awarded $5,307.15.

Under 28 U.S.C. § 1920, the following costs may be taxed by a judge or clerk of any federal district court:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)–(6). Defendant first requests costs for depositions transcripts totaling $5,307.15. Under 28 U.S.C. § 1920(2), the prevailing party is entitled to recover costs for "transcripts necessarily obtained for use in the case." Depositions used in support of a motion for summary judgment have been deemed "necessarily obtained for use in the case." *L. Squared Indus., Inc. v. Nautilus Ins. Co.*, No. 3:21-CV-1104-BJD-PDB, 2023 WL 11805111 (M.D. Fla. Dec. 19, 2023), *report and recommendation adopted*, No. 3:21-CV-1104-BJD-PDB, 2024 WL 2874853 (M.D. Fla. Feb. 2, 2024); *Santidrian v. Landmark Custom Ranches, Inc.*, No. 08-60791, 2009 WL 53241987, at *2 (S.D. Fla. Oct. 5, 2009). Here, Defendant has identified that all four of the transcripts for which it seeks costs were used to support its Motion for

Summary Judgement (Doc. 53 at 3). Moreover, the costs incurred in obtaining same were appropriate and reasonable. Accordingly, Defendant is awarded costs in the amount of $5,307.15 for the fees associated with obtaining the designated deposition transcripts.

Next, Plaintiff seeks costs for the $1,080.00 mediation fee. However, such fees are not contemplated under Section 1920. *See* 28 U.S.C. § 1920. Moreover, awarding mediation fees is contrary to Local Rule 4.01(d) which provides that "the parties . . . must bear equally the cost of mediation." M.D. Fla. R. 4.01(d). Accordingly, the Court finds Defendant's mediation expenses are not recoverable. *See Williams v. H. Lee Moffitt Cancer Ctr. & Rsch. Inst., Inc.*, No. 8:09-CV-784-T-33TGW, 2011 WL 2160550 (M.D. Fla. June 1, 2011) ("Section 1920 makes no reference to mediation costs. . . . [a]s such, they are not recoverable."); *Bates v. Islamorada, Vill. of Islands*, No. 04–10114–CIV, 2007 WL 2113586, at *17 (S.D. Fla. July 23, 2007) (mediation costs not recoverable under § 1920); *Chacon v. El Milagro Care Ctr., Inc.*, No. 07–22835–CIV, 2010 WL 3023833, at *7 (S.D. Fla. July 29, 2010) ("There is no statutory authorization for taxing mediation fees . . . ."); *Van Voorhis v. Hillsborough Bd. of County Comm'rs*, No. 8:06–cv–1171–T–TBM, 2008 WL 2790244, at *4 (M.D. Fla. July 18, 2008) ("Despite the fact that mediation is often court ordered, § 1920 does not contemplate the costs of mediation. Of the circuits that have squarely addressed whether mediation costs may be taxable under § 1920, all have held that they are not.").

For the foregoing reasons, it is hereby

RECOMMENED:

1. Plaintiff's Motion for Taxation of Costs (Doc. 53) be GRANTED IN PART.

2. Plaintiff be awarded costs in the amount of $5,307.15.

DONE AND ORDERED in Tampa, Florida, on this 21st day of January 2025.

*[Signature]*

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:   Counsel of Record

4

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:   Hon. Kathryn Kimball Mizelle
      Counsel of Record